IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KAREN M. DUNKEL,

       Appellant,

v.

                                Case No.  5D23-55
                                LT Case No. 2014-DR-2112

JAMES M. DUNKEL,

       Appellee.

_____/

Opinion filed February 28, 2023

Appeal  from  the  Circuit Court
for Duval County,
Daniel F. Wilensky, Judge.

Karen  M.  Dunkel,  Mabank,  TX,  pro
se.

Christopher A. White, of Harris Guidi
Rosner, P.A., Jacksonville, for Appellee.


EVANDER, J.

      Karen  M.  Dunkel  ("Former  Wife")  appeals  a  supplemental  final

judgment of dissolution of marriage. We conclude that the trial court abused

its  discretion  in  distributing  the  parties'  marital  assets  and  debts,  but  we

otherwise affirm.

The trial court endeavored to equally divide the parties' assets and liabilities. It properly found that the consolidated student loan of $190,859.00 obtained for the benefit of the parties' adult daughter and Former Husband's adult son from a prior marriage was a marital debt. However, the trial court erred in requiring James M. Dunkel ("Former Husband") to be solely responsible for such debt and then "equalizing" the overall distribution by reducing Former Wife's share of certain marital funds held in escrow by $95,429.50 (1/2 of $190,859.00) and increasing Former Husband's share of the escrowed funds by said amount. The trial court's equitable distribution scheme neglects to factor in the very real possibility that the consolidated student loan will never be fully repaid[1] (or will be repaid, in whole or in part, by the adult children), thereby leaving Former Husband with a windfall.

On remand, the trial court is directed to correct this error by making both parties jointly responsible for repayment of the consolidated student loan, and by not making the above referenced adjustment(s) to the distribution of the escrowed marital funds.

AFFIRMED, in part; REVERSED, in part; REMANDED.

LAMBERT, C.J., and JAY, JJ., concur.

---

[1] Indeed, there had been no payment on the student loan for several years prior to trial.